IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.                                    Case Nos.:      3:08cr61/LAC/EMT
                                                       3:11cv125/LAC/EMT

TREMAIN HAMILTON

---

## REPORT AND RECOMMENDATION

This matter is before the court upon Defendant's motion to vacate, set aside, or correct
sentence pursuant to 28 U.S.C. § 2255 (doc. 422).  The Government filed a response (doc. 426), and
Defendant filed a reply (doc. 431).  The case was referred to the undersigned for the issuance of all
preliminary orders and any recommendations to the district court regarding dispositive matters.  *See*
N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b).  After a careful review
of the record and the arguments presented, it is the opinion of the undersigned that Defendant has not
raised any issue requiring an evidentiary hearing and that the § 2255 motion should be denied.  *See*
Rules Governing Section 2255 Cases 8(a) and (b).

### PROCEDURAL BACKGROUND

Defendant Tremain Hamilton and co-defendants Adrian Cawthon and Roderick Slack were
charged in a one-count superceding indictment with conspiracy to distribute and possess with intent
to distribute five (5) kilograms or more of cocaine and fifty (50) grams or more of cocaine base (crack
cocaine) (doc. 196).[1]  Defendant was represented by appointed counsel Richard Greenberg.

The Government filed a Notice of Enhancement Information, as to Defendant Hamilton,
identifying a prior felony controlled substance conviction from November 3, 2004 (doc. 122).  The
same conviction was cited in the Government's "Fed. R. Evid. 404(B) Notice" as uncharged

---

[1] Defendant and nine others were charged in the original indictment (doc. 101).

misconduct that could be introduced to prove intent (doc. 151). The Government filed a supplemental notice in which it identified numerous potential Government witnesses who had consistently dealt in narcotics trafficking with Defendant and his remaining co-defendants (doc. 214).

Following a jury trial that spanned just over two days, the jury found Defendant guilty of conspiracy to distribute and possess with intent to distribute at least five (5) kilograms of cocaine and at least fifty (50) grams of cocaine base (doc. 226).[2]

Defendant's Presentence Investigation Report ("PSR") was disclosed to his counsel on November 4, 2008 (doc. 261). Defendant was held accountable for 560 grams of cocaine base based on the testimony of a single witness, Steven Pinkney, yielding a base offense level of 34 (PSR ¶¶ 55, 60). He received a two-level adjustment based on the fact that a firearm was possessed during the offense conduct (PSR ¶ 61), and a two-level adjustment due to his use of a minor to commit the offense (PSR ¶ 63). His total offense level was 38 (PSR ¶ 69). Defendant had no criminal history points and thus a criminal history category of I. The applicable guidelines range was 235–293 months.

Defendant objected to the quantity of drugs attributed to him (PSR ¶¶ 120–21) and to the adjustment for possession of a firearm (PSR ¶¶ 122–23). The Government in turn objected to the quantity of drugs attributed to Defendant, arguing that it should be significantly higher (PSR ¶¶ 128–129). The Government had also objected to the probation officer's initial failure to apply the two-level adjustment pursuant to § 3B1.4, for Defendant's use of a minor to commit a crime, and this adjustment was tentatively included in the PSR (PSR ¶¶ 126–127).

At sentencing, the Government presented the testimony of co-conspirator Katrisa Thomas in response to Defendant's objections (doc. 331 at 6–17). The court determined that Defendant should be held accountable for in excess of 4.5 kilograms of cocaine base rather than merely the 560 grams attributed to him in the PSR, overruled the objection to the firearm adjustment, and overruled the objection to the adjustment for the use of minor in the offense conduct (*id*. at 23). After these adjustments, Defendant's revised total offense level was 42 and the applicable guidelines range was 360 months to life imprisonment (*id*. at 23–24).

---

[2] The jury likewise found Adrian Cawthon and Roderick Slack guilty and responsible for identical amounts of drugs (docs. 224, 228).

Case Nos.: 3:08cr61/LAC/EMT; 3:11cv125/LAC/EMT

Counsel urged the court to sentence Defendant to no more than the applicable twenty-year minimum mandatory sentence to which Defendant was subject as a result of his single prior felony conviction (doc. 331 at 22–23, 24).  The court sentenced Defendant to a term of 420-months imprisonment followed by ten years of supervised release (*id*. at 25–26, doc. 289).

Defendant appealed, challenging the amount of drugs used to calculate his sentence and the two-level enhancement he received for using a minor (doc. 390 at 7).  The Eleventh Circuit found no error in the district court's determination that Defendant was responsible for more than 4.5 kilograms of crack cocaine, the threshold for the highest offense level (*id*. at 7–11).  Similarly, it found no error in the application of the adjustment for Defendant's use of a minor (*id*. at 11–13).

In the instant motion, Defendant contends that counsel was constitutionally ineffective at trial, at sentencing, and on appeal, and that the Government did not have jurisdiction to prosecute him in a federal tribunal.  The Government opposes the motion in its entirety.

## LEGAL ANALYSIS

General Standard of Review

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments pursuant to § 2255 are extremely limited.  A prisoner is entitled to relief under section 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack.  *See* 28 U.S.C. § 2255(a); McKay v. United States, 657 F.3d 1190, 1194 n. 8 (11th Cir. 2011).  "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'"  Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted).  The "fundamental miscarriage of justice" exception recognized in Murray v. Carrier, 477 U.S. 478, 496 (1986), provides that it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent . . . ."

The law is well established that a district court need not reconsider issues raised in a section 2255 motion which have been resolved on direct appeal.  Rozier v. United States, 701 F.3d 681, 684 (11th Cir. 2012); United States v. Nyhuis, 211 F.3d 1340, 1343 (11th Cir. 2000); Mills v. United

States, 36 F.3d 1052, 1056 (11th Cir. 1994); United States v. Rowan, 663 F.2d 1034, 1035 (11th Cir. 1981). Once a matter has been decided adversely to a defendant on direct appeal, it cannot be re-litigated in a collateral attack under section 2255. Nyhuis, 211 F.3d at 1343 (quotation omitted). Broad discretion is afforded to a court's determination of whether a particular claim has been previously raised. Sanders v. United States, 373 U.S. 1, 16 (1963) ("identical grounds may often be proved by different factual allegations . . . or supported by different legal arguments . . . or couched in different language . . . or vary in immaterial respects").

Furthermore, a motion to vacate under section 2255 is not a substitute for direct appeal, and issues which could have been raised on direct appeal are generally not actionable in a section 2255 motion and will be considered procedurally barred. Lynn, 365 F.3d at 1234–35; Bousley v. United States, 523 U.S. 614, 621 (1998); McKay v. United States, 657 F.3d 1190, 1195 (11th Cir. 2011). An issue is "'available' on direct appeal when its merits can be reviewed without further factual development." Lynn, 365 F.3d at 1232 n.14 (quoting Mills, 36 F.3d at 1055). Absent a showing that the ground of error was unavailable on direct appeal, a court may not consider the ground in a section 2255 motion unless the defendant establishes (1) cause for not raising the ground on direct appeal, and (2) actual prejudice resulting from the alleged error, that is, alternatively, that he is "actually innocent." Lynn, 365 F.3d at 1234; Bousley, 523 U.S. at 622 (citations omitted). To show cause for procedural default, a defendant must show that "some objective factor external to the defense prevented [him] or his counsel from raising his claims on direct appeal and that this factor cannot be fairly attributable to [defendant's] own conduct." Lynn, 365 F.3d at 1235. A meritorious claim of ineffective assistance of counsel can constitute cause. See Nyhuis, 211 F.3d at 1344.

Ineffective assistance of counsel claims are generally not cognizable on direct appeal and are properly raised by a § 2255 motion regardless of whether they could have been brought on direct appeal. Massaro v. United States, 538 U.S. 500, 503 (2003); see also United States v. Patterson, 595 F.3d, 1324, 1328 (11th Cir. 2010). The benchmark for judging a claim of ineffective assistance of counsel is "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland v. Washington, 466 U.S. 668, 686 (1984). To show a violation of his constitutional right to counsel, a defendant must demonstrate both that counsel's performance was below an objective and reasonable professional

norm and that he was prejudiced by this inadequacy.  *Id.,* 466 U.S. at 686; <u>Williams v. Taylor</u>, 529

U.S. 362, 390 (2000); <u>Darden v. United States</u>, 708 F.3d 1225, 1228 (11th Cir. 2013).  In applying

<u>Strickland</u>, the court may dispose of an ineffective assistance claim if a defendant fails to carry his

burden on either of the two prongs.  <u>Brown v. United States</u>, 720 F.3d 1316, 1326 (11th Cir. 2013)

(citations omitted).

In determining whether counsel's conduct was deficient, this court must, with much deference,

consider "whether counsel's assistance was reasonable considering all the circumstances." <u>Strickland</u>,

466 U.S. at 688; *see also* <u>Dingle v. Secretary for Dept. of Corrections</u>, 480 F.3d 1092, 1099 (11th Cir.

2007).  Reviewing courts are to review counsel's performance in a highly deferential manner and

"must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable

professional assistance."   <u>Hammond v. Hall</u>, 585 F.3d 1289, 1324 (11th Cir. 2009) (quoting

<u>Strickland</u>, 466 U.S. at 689); <u>Chandler v. United States</u>, 218 F.3d 1305, 1314 (11th Cir. 2000);

<u>Lancaster v. Newsome</u>, 880 F.2d 362, 375 (11th Cir. 1989) (emphasizing that petitioner was "not

entitled to error-free representation")).  Counsel's performance must be evaluated with a high degree

of deference and without the distorting effects of hindsight.  <u>Strickland</u>, 466 U.S. at 689.  To show

counsel's performance was unreasonable, a defendant must establish that "no competent counsel

would have taken the action that his counsel did take." <u>Gordon v. United States</u>, 518 F.3d 1291, 1301

(11th Cir. 2008) (citations omitted); <u>Chandler</u>, 218 F.3d at 1315.  When examining the performance

of an experienced trial counsel, the presumption that counsel's conduct was reasonable is even

stronger, because "[e]xperience is due some respect."  <u>Chandler</u>, 218 F.3d at 1316 n.18.

With regard to the prejudice requirement, defendant must establish that, but for counsel's

deficient performance, the outcome of the proceeding would have been different. <u>Strickland</u>, 466 U.S.

at 694.  For the court to focus merely on "outcome determination," however, is insufficient; "[t]o set

aside a conviction or sentence solely because the outcome would have been different but for counsel's

error may grant the defendant a windfall to which the law does not entitle him." <u>Lockhart v. Fretwell</u>,

506 U.S. 364, 369–70 (1993); <u>Allen v. Secretary, Florida Dep't of Corrections</u>, 611 F.3d 740, 754

(11th Cir. 2010).  A defendant therefore must establish "that counsel's errors were so serious as to

deprive the defendant of a fair trial, a trial whose result is reliable."  <u>Lockhart</u>, 506 U.S. at 369

(quoting <u>Strickland</u>, 466 U.S. at 687).  Or in the case of alleged sentencing errors, a defendant must

demonstrate that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been less harsh due to a reduction in the defendant's offense level. Glover v. United States, 531 U.S. 198, 203–04 (2001). A significant increase in sentence is not required to establish prejudice, as "any amount of actual jail time has Sixth Amendment significance." *Id.* at 203.

To establish ineffective assistance, Defendant must provide factual support for his contentions regarding counsel's performance. Smith v. White, 815 F.2d 1401, 1406–07 (11th Cir. 1987). Bare, conclusory allegations of ineffective assistance are insufficient to satisfy the Strickland test. *See* Boyd v. Comm'r, Ala. Dep't of Corrections, 697 F.3d 1320, 1333–34 (11th Cir. 2012); Garcia v. United States, 456 F. App'x 804, 807 (11th Cir. 2012) (citing Yeck v. Goodwin, 985 F.2d 538, 542 (11th Cir. 1993)); Wilson v. United States, 962 F.2d 996, 998 (11th Cir. 1992); Tejada v. Dugger, 941 F.2d 1551, 1559 (11th Cir. 1991); Stano v. Dugger, 901 F.2d 898, 899 (11th Cir. 1990) (citing Blackledge v. Allison, 431 U.S. 63, 74 (1977)); United States v. Ross, 147 F. App'x 936, 939 (11th Cir. 2005).

Finally, the Eleventh Circuit has recognized that given the principles and presumptions set forth above, "the cases in which habeas petitioners can properly prevail . . . are few and far between." Chandler, 218 F.3d at 1313. This is because the test is not what the best lawyers would have done or even what most good lawyers would have done, but rather whether some reasonable lawyer could have acted in the circumstances as defense counsel acted. Dingle, 480 F.3d at 1099; Williamson v. Moore, 221 F.3d 1177, 1180 (11th Cir. 2000). "Even if counsel's decision appears to have been unwise in retrospect, the decision will be held to have been ineffective assistance only if it was 'so patently unreasonable that no competent attorney would have chosen it.'" Dingle, 480 F.3d at 1099 (quoting Adams v. Wainwright, 709 F.2d 1443, 1445 (11th Cir. 1983)). The Sixth Circuit has framed the question as not whether counsel was inadequate, but rather counsel's performance was so manifestly ineffective that "defeat was snatched from the hands of probable victory." United States v. Morrow, 977 F.2d 222, 229 (6th Cir. 1992).

Although section 2255 mandates that the court conduct an evidentiary hearing "unless the motion and files and records conclusively show that the prisoner is entitled to no relief," a defendant must support his allegations with at least a proffer of some credible supporting evidence. *See* Chandler v. McDonough, 471 F.3d 1360, 1363 (11th Cir. 2006) (citing Drew v. Dept. of Corrections, 297 F.3d 1278, 1293 (11th Cir. 2002) (referring to "our clear precedent establishing that such

allegations are not enough to warrant an evidentiary hearing in the absence of any specific factual proffer or evidentiary support"); Hill v. Moore, 175 F.3d 915, 922 (11th Cir. 1999) ("To be entitled to an evidentiary hearing on this matter [an ineffective assistance of counsel claim], petitioner must proffer evidence that, if true, would entitle him to relief.")); Ferguson v. United States, 699 F.2d 1071, 1072 (11th Cir. 1983). A hearing is not required on frivolous claims, conclusory allegations unsupported by specifics, or contentions that are wholly unsupported by the record. Peoples v. Campbell, 377 F.3d 1208, 1237 (11th Cir. 2004); Tejada, 941 F.2d at 1559; Holmes v. United States, 876 F.2d 1545, 1553 (11th Cir. 1989) (citations omitted). Likewise, affidavits that amount to nothing more than conclusory allegations do not warrant a hearing. Lynn, 365 F.3d at 1239.

**Ground One: Failure to object to the Government's vouching for witnesses**

Defendant contends that the prosecutor improperly vouched for the credibility of his witnesses, and as such his conviction and sentence should be vacated. Vouching occurs when the jury could reasonably believe that the prosecutor was indicating a "personal belief" in the witness's credibility. United States v. Lopez, 590 F.3d 1238, 1257 (11th Cir. 2009); *see also* United States v. Arias-Izquierdo, 449 F.3d 1168, 1177–78 (11th Cir. 2006); United States v. Cano, 289 F.3d 1354, 1365 (11th Cir. 2002) (quotations omitted); United States v. Castro, 89 F.3d 1443, 1457 (11th Cir. 1996); United States v. Sims, 719 F.2d 375, 377 (11th Cir. 1983). The court must consider whether: (1) the prosecutor placed the prestige of the government behind the witness by making explicit personal assurances of the witness's credibility; or (2) the prosecutor implicitly vouched for the witness's credibility by implying that evidence not presented to the jury supports the witness's testimony. United States v. De La Cruz Suarez, 601 F.3d 1202 (11th Cir. 2010); Cano, 289 F.3d at 1365. A prosecutor is permitted to comment on the credibility of a witness, often a key issue in a case, so long as he does not personally vouch for a witness's credibility or bolster the witness's credibility through the reputation of the government. Lopez, 590 F.3d at 1257; United States v. Hernandez, 921 F.2d 1569, 1573 (11th Cir. 1991). He may, for instance, argue that "the fair inference from the facts presented is that a witness had no reason to lie." Hernandez, 921 F.2d at 1573 (quoting United States v. Eley, 723 F.2d 1522, 1526 (11th Cir. 1984) (quoting United States v. Bright, 630 F.2d 804, 824 (5th Cir. 1980))). The Government is also entitled to rehabilitate its witness after an attack on the witness's credibility, including during opening statements. *See* Cano, 289 F.3d at 1366; Eley, 723

F.2d at 1526; <u>United States v. Cotton</u>, 631 F.2d 63, 66 (5th Cir. 1980) (because defense counsel referred to government witnesses as liars in closing arguments, government was within its right to attempt to rebut these assertions).

In this case, the Government gave a brief opening statement during which it told the jury that it would hear multiple pieces of evidence and hear from multiple witnesses that the three co-defendants had been distributing cocaine in Northern Florida for some time (doc. 428 at 4).[3] The Government in no way vouched for any of its witnesses during this brief opening statement (*see id.*). During the opening statement of each of the three co-defendants, each defendant's attorney specifically referenced the Government's witnesses and the fact that they were incarcerated or had made agreements with the Government to provide testimony hoping to get their sentences reduced (*id.* at 5, 7, 8).

The Government then called ten cooperating witnesses at trial. Each was asked about their plea and cooperation and their motivation for testifying, and each was cross-examined about same.[4] The undersigned has reviewed the portions of the trial transcript to which Defendant objects, and finds that, as stated by the Eleventh Circuit in <u>Cano</u>, "no jury could reasonably believe these types of questions put the prestige of the government behind each witness or indicated that the prosecutor was implying there was evidence beyond what was presented to the jury that supported the witness' testimony." 289 F.3d at 1366. The testimony identified by Defendant did not constitute improper vouching as to any one of the witnesses, and Defendant's assertion that the Government made "explicit assurances of the truthfulness of its witnesses and their credibility" is not supported by the record.

---

[3] The opening and closing statements were not approved for transcription (*see* doc. 360), but the Government appended a copy of the opening statements as one of its exhibits in response to Defendant's motion (doc. 428). Page references are to the pages as sequentially numbered in the court's electronic docketing system. The Government's opening statement, as transcribed, was less than one page in length and consists of only thirteen lines (doc. 428 at 4, lines 3–15).

[4] Christopher Demay Watson (doc. 342, Direct p. 13–14, Cross p. 27–33); Antonio Henry (doc. 343, Direct p. 70–71, Cross p. 83–85); Shannon Roulhac (doc. 343, Direct p. 88–90, Cross p. 98–99); Byron Shameel Washington (doc. 343, Direct p. 105–106, Cross p. 115–118); Valentine Vasser, Jr. (doc. 343, Direct p. 123, Cross p. 130–132, 136–1137, 141–142); Deshric Slack (doc. 343, Direct p. 148–149, Cross p. 158–163); Herman Fails (doc. 343, Direct p. 172, Cross p. 175–177); Steven Pinkney (doc. 343, Direct p. 182–83, Cross p. 186–188); Katrisa Lynette Thomas (doc. 343, Direct p. 224–225, Cross p. 234–236); Avaram Jamel Williams (doc. 343, Direct p. 241, Cross p. 244–246, 250). Page references for these citations only are to the actual transcript rather than the page number assigned in the electronic docket.

Counsel was not constitutionally ineffective for his failure to object and Defendant is not entitled to relief.

**Ground Two: Ineffective assistance of counsel on sentencing issues**[5]

Defendant contends that counsel should have requested a special verdict form through which the jury could have indicated a more concise range for the quantity of drugs it found attributable to Defendant. In conjunction with this argument, Defendant asserts that counsel should have more effectively cross-examined the Government's witnesses to establish the small amounts of drugs for which the alleged coconspirators were held accountable, which would have led to a similar jury finding in his case.

The jury's verdict form required the jury first to indicate whether Defendant was guilty or not guilty of the offense of conspiracy (doc. 226). If the jury found Defendant guilty, it was instructed on page two of the verdict form to make special findings regarding the amount of cocaine and/or crack cocaine involved in the conspiracy. The jury was offered four choices with respect to each substance, the levels for which corresponded with the quantity amounts set forth in 21 U.S.C. § 841(b)(1)(A), (B), and (C).[6] The jury specifically found that Defendant was responsible for five (5) kilograms or more of cocaine and fifty (50) grams or more of cocaine base, thus triggering the penalties set forth in § 841(b)(1)(A) (doc. 226 at 2).

"Under an advisory guidelines regime, judicial fact-finding about relevant conduct that supports a sentence within the statutory maximum set forth in the United States Code does not violate the Sixth Amendment." United States v. Belfast, 611 F.3d 783, 827 (11th Cir. 2010); *accord* United States v. Booker, 543 U.S. 220, 233 (2005) ("we have never doubted the authority of a judge to exercise broad discretion in imposing a sentence within a statutory range"). And, a district court is obliged to consider "relevant conduct" in fashioning an appropriate sentence for a drug-conspiracy offender, which includes conduct that relates meaningfully to the offense of conviction. *See* U.S.S.G. § 1.B1.3; Edwards v. United States, 523 U.S. 511, 514 (1998); United States v. Ellis, 419 F.3d 1189,

---

[5] The court has followed the format in which Defendant presented his claims, although not all of the issues raised are directly "sentencing issues."

[6] The threshold quantity of crack cocaine required for each of the penalty levels was amended effective August 3, 2010, well after Defendant's sentencing. This amendment would have had no impact on Defendant's statutory sentence range.

1193 n.4 (11th Cir. 2005). "[T]he district court's factual findings for purposes of sentencing may be based on, among other things, evidence heard during trial, undisputed statements in the [presentence investigation report], or evidence presented during the sentencing hearing." United States v. Louis, 559 F.3d 1220, 1224 (11th Cir. 2009) (quoting United States v. Smith, 480 F.3d 1277, 1281 (11th Cir. 2007) (quoting United States v. Polar, 369 F.3d 1248, 1255 (11th Cir. 2004))). Even relevant conduct of which a defendant was acquitted may be taken into account at sentencing, as long as the acquitted conduct is proven by a preponderance of the evidence. United States v. Faust, 456 F.3d 1342, 1347 (11th Cir. 2006). Defendant's assertion that Booker requires more specificity in the jury's verdict form is mistaken. Counsel was not constitutionally ineffective for his failure to make such an objection.

Defendant also contends that counsel was constitutionally ineffective for his failure to make a Booker objection to the two-point weapons enhancement in light of the fact that the jury made no findings with respect to the weapon. Again, in accordance with the authority cited in the preceding paragraph, Defendant has failed to show his entitlement to relief. He further asserts that had the Government wanted to hold him accountable for the weapons possessed by alleged coconspirators, it should have charged him with the separate offense of possession of a weapon during a drug trafficking offense. If Defendant had been convicted of a violation of 18 U.S.C. § 924(c), he would have received an additional and consecutive five-year sentence at minimum, see 18 U.S.C. §§ 924(c)(1)(A)(i), and (c)(1)(D). Additionally, had Defendant been so charged but the Government failed to prove possession of a weapon beyond a reasonable doubt and Defendant was acquitted, the court still could have applied the two-level adjustment assuming the conduct was proven by a preponderance of the evidence. See Faust, 456 F.3d at 1347. Again, Defendant has failed to show his entitlement to relief.

His challenge to counsel's failure to make the same sort of objection to the enhancement relating to use of a minor fails for the same reason.

Defendant next raises two claims related to counsel's failure to challenge the sentencing disparity between cocaine and cocaine base. He complains that, at the time of his trial, Congress had not chemically defined cocaine base. He goes on to assert that one form of cocaine base—crack—is "being discriminated" against because offenses involving this substance are subject to higher

sentences than those involving other forms of cocaine base. In his reply, he notes that there is a case pending before the Supreme Court which addresses this very issue. The case he references, DePierre v. United States, 131 S. Ct. 2225 (2011), has since been decided. And, contrary to the position urged by Defendant, the Court held that the term "cocaine base" as used in 21 U.S.C. § 841 refers generally to cocaine in its chemically basic form, and not exclusively to what is colloquially known as "crack cocaine." Id. at 2227–28.

Defendant also contends that counsel should have made an objection under Kimbrough v. United States, 552 U.S. 85 (2007), because, had this objection been presented, the court would have exercised its supervisory powers and sentenced him under a more favorable crack/powder ratio. In Kimbrough, the Supreme Court held that "it would not be an abuse of discretion for a district court to conclude when sentencing a particular defendant that the crack/powder disparity yields a sentence 'greater than necessary' to achieve § 3553(a)'s purpose." Id. at 110. In Spears v. United States, 555 U.S. 261 (2009), the Court clarified in no uncertain terms that "district courts are entitled to reject and vary categorically from the crack cocaine guidelines based on a policy disagreement with those guidelines." 555 U.S. at 263–66. Defendant's argument is premised on the assumption that had this objection been made, the district court would have varied from the guidelines in his case. There is nothing in the record to support this. First, the fact that courts have the discretion to do so is not equivalent to a mandate that they do so. Furthermore, in this case, the court expressly stated that it had reviewed all of the 3553(a) factors and considered the advisory sentencing guidelines in determining that the sentence was reasonable and sufficient and that a greater sentence was not necessary (doc. 331 at 25). There was no indication that the court believed itself to be constrained by the guidelines or that it would have imposed a lesser sentence if counsel had made the requested objection. Thus, Defendant has failed to show his entitlement to relief for any of the reasons raised in his second ground for relief.

**Ground Three: Ineffective assistance of counsel on appeal**

Defendant contends that counsel was constitutionally ineffective on appeal because he failed to raise the grounds identified above. Due process of law requires that a defendant receive effective assistance of appellate counsel on his direct appeal. Evitts v. Lucey, 469 U.S. 387, 396 (1985). However, the Sixth Amendment does not require appellate advocates to raise every non-frivolous

issue on appeal if counsel, as a matter of professional judgment, decides not to do so. <u>Smith v. Robbins</u>, 528 U.S. 259, 287–88 (2000); <u>Jones v. Barnes</u>, 463 U.S. 745, 751–52 (1983); <u>Heath v. Jones</u>, 941 F.2d 1126, 1130–31 (11th Cir. 1991). It is possible to bring a <u>Strickland</u> claim based on counsel's failure to raise a particular claim, but it is difficult to demonstrate in such a situation that counsel's performance was constitutionally ineffective. <u>Smith</u>, 528 U.S. at 288 (citing <u>Gray v. Greer</u>, 800 F.2d 644, 646 (7th Cir. 1986) ("Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome")); *see also* <u>Payne v. United States</u>, 566 F.3d 1276, 1277 (11th Cir. 2009) (citing <u>Smith</u>). "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." <u>Barnes,</u> 463 U.S. at 751–52. In fact, this is the "hallmark of effective appellate advocacy." <u>Smith v. Murray</u>, 477 U.S. 527, 536 (1986).

To determine whether defense counsel rendered ineffective assistance by failing to raise certain issues on appeal, the court must examine the merits of the issues the defendant alleges counsel was derelict in not raising on appeal. <u>Miller v. Dugger</u>, 858 F.2d 1536, 1538 (11th Cir. 1988); <u>Reutter v. Secretary for Dept. of Corrections</u>, 232 F. App'x 914, 917 (11th Cir. 2007) (determining that counsel's decision not to raise a particular argument on appeal, in light of his having raised several important claims, was likely a strategic decision to "winnow out weaker arguments") . Of course, appellate counsel is not ineffective for failing to raise claims "reasonably considered to be without merit." <u>Alvord v. Wainwright</u>, 725 F.2d 1282, 1291 (11th Cir. 1984) (citations omitted); *see also* <u>Lambrix v. Singletary</u>, 72 F.3d 1500, 1507 (11th Cir. 1996); <u>United States v. Phillips</u>, 210 F.3d 345, 348 (5th Cir. 2000). And, where the case law at the time of the direct appeal is not clear on an issue, appellate counsel's performance does not fall below the "objective standard of reasonableness" for failing to raise it. *See* <u>Jones v. United States</u>, 224 F.3d 1251, 1258–59 (11th Cir. 2000); <u>Chateloin v. Singletary</u>, 89 F.3d 749, 754 (11th Cir. 1996). In this case, the claims Defendant would have wished counsel to raise were, as discussed above, "reasonably considered to be without merit." Therefore counsel was not constitutionally ineffective for his failure to raise them, and Defendant is not entitled to relief.

**Ground Four: Lack of Jurisdiction**

In Defendant's fourth ground for relief he contends that the Government lacked jurisdiction to prosecute him in a federal tribunal because the offense conduct did not take place on federal land, and therefore, he asserts, the only proper jurisdiction would have been in state court.   The Eleventh Circuit has expressly found that the illegal possession and sale of drugs affects interstate commerce and therefore Congress has authority under the Commerce Clause to criminalize and punish drug-related activity.  United States v. Jackson, 111 F.3d 101, 102 (11th Cir. 1997); United States v. Bernard, 47 F.3d 1101, 1103 (11th Cir. 1995); United States v. Lopez, 459 F.2d 949 (5th Cir.), *cert. denied*, 409 U.S. 878 (1972)[7]; United States v. Peterson, 194 Fed. App'x 786 (11th Cir. 2006); United States v. Moon, 151 F. App'x 807, 809 (11th Cir. 2005); *see also* Gonzalez v. Raich, 545 U.S. 1, 17–18 (2005).   Federal jurisdiction over Defendant's offense conduct was proper, and he is not entitled to relief.

Certificate of Appealability

Section 2255 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  § 2255 11(b).

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  If there is an objection

---

[7]In Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir.1981) ( en banc ), the Eleventh Circuit held that all decisions handed down by the former Fifth Circuit before the close of business on September 30, 1981 are binding precedent in the Eleventh Circuit.

to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1. The motion to vacate, set aside, or correct sentence (doc. 422) be **DENIED**.

2. A certificate of appealability be **DENIED**.

At Pensacola, Florida, this 26th day of August 2013.


/s/ Elizabeth M. Timothy
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**

Case Nos.: 3:08cr61/LAC/EMT; 3:11cv125/LAC/EMT